UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **AKENSHAI TOWNS** | **CIVIL ACTION NO. 3:17-cv-269** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JACKSON PARISH, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Akenshai Towns, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 10, 2017. Plaintiff is currently incarcerated at the Philadelphia Detention Center, Philadelphia, PA. His suit arises out of his extradition from Jonesboro, Louisiana to Philadelphia, Pennsylvania in 2015.

He sued Jackson Parish, Jackson Parish Sheriffs Department, Jackson Parish Sheriff Andy Brown, JPCC Warden Tim Ducote, Kayne Pullig and the City of Jonesboro, for alleged civil rights violation arising out of his extradition and prays for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On October 6, 2015, plaintiff was arrested in Jackson Parish, Louisiana, on a fugitive from justice warrant for aggravated assault in Philadelphia, PA. During the week following his arrest, extradition proceedings were initiated. Plaintiff was extradited to Pennsylvania on October 24, 2015. The instant suit alleges that the denial of his request for counsel during the process, and the

subsequent extradition without a hearing, were violations of his due process rights under the Fifth and Fourteenth Amendments.

*Law and Analysis*

*1.    Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2.    Extradition Proceedings*

States have a constitutionally-imposed duty to extradite those who "flee from Justice" from another state. *Bradley v. Extradition Corp. Of America*, 758 F.Supp. 1153, 1156 (W.D. La. 1991) (citing U.S. Const., Art. IV, § 2, Cl. 2).  The duty is made effective by a contemporaneously enacted act of Congress. *Id.* (citing 18 U.S.C. § 3182.)  It provides that whenever the executive authority of

any state makes a demand on another state for extradition of any fugitive from justice and produces a copy of an indictment or affidavit made before a magistrate that the person demanded is charged with a crime, the executive authority of the state to which the demand is directed (the "asylum state") "shall" arrest and detain the person, notify the state demanding extradition (the "extradition state"), and deliver him to the agent of that state upon his arrival. *Id.* (citing 18 U.S.C. § 3182.) The duties incumbent upon the asylum state outlined above are mandatory; the executive authority possesses no discretion in the matter. *Id. (citing Puerto Rico v. Branstad*, 483 U.S. 219, 226, 107 S.Ct. 2802, 2807, 97 L.Ed.2d 187 (1987)). The fugitive is not entitled to any sort of adversarial hearing to challenge the validity of the extradition demand in the asylum state's courts; as long as the executive authority of the asylum state determines that the demand for extradition is based on or accompanied by an indictment or affidavit charging a crime in the extradition state against the fugitive, the asylum state may not inquire into the validity of the crimes alleged against the fugitive. *Id. (citing California v. Superior Court of California*, 482 U.S. 400, 407–08, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987)).

      Although there is a federal right to challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. § 1983, *Grumley v. Snead*, 620 F.2d 481, 483 (5th Cir.1980), challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope of the challenge is very narrow. *Good v. Allain*, 823 F.2d 64,67 (5th Cir. 1987). Once the governor has granted extradition, the court reviewing a habeas petition can only decide: 1) whether the extradition documents on their face are in order; 2) whether the petitioner was charged with a crime in the demanding state; 3) whether the petitioner is the person named in the request for extradition; and 4) whether the petitioner is a fugitive. *Id.*

Any Section 1983 challenge is, moreover, subject to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), under which a Section 1983 suit for damages "must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned." *Sanders v. Dallas Sheriff's Dept.*, 2015 WL 539431 at *4 (N.D. Tex. Feb. 6, 2015)(citing *Rose v. Texas Bd. of Pardons & Paroles*, Civil Action No. V–06–050, 2008 WL 2697340, at *1 (S.D.Tex. July 2, 2008); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir.2000) (Section 1983 challenges to extradition procedures are barred by *Heck* where a plaintiff fails to prove his detention has been invalidated)).

Plaintiff filed a Petition for Writ of Habeas Corpus in the Eastern District of Pennsylvania, Docket No. 16-3584, on January 26, 2016, challenging the constitutionality of his extradition proceedings. That matter is currently pending. A plaintiff's claim "that his extradition has been unlawfully conducted ... necessarily impl[ies] the invalidity of [his] confinement," and where that confinement "has not been declared invalid[,] ... no § 1983 cause of action has yet accrued and [the claim] should be dismissed with prejudice until the *Heck* conditions are met." *Logan v. Texas*, No. 3:11–CV–998–P, 2011 WL 2881560, at *2 (N.D.Tex. June 29, 2011), rec. adopted, 2011 WL 2883324 (N.D.Tex. July 15, 2011)*(citing Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Accordingly, as no § 1983 cause of action has yet accrued, these claims should be dismissed until the *Heck* conditions are met.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant

4

to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 29, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**